**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4538

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WINDELL LONG,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:02-cr-1281)

Submitted:  January 18, 2007          Decided:  January 22, 2007

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Windell Long appeals from his 252-month sentence entered pursuant to his guilty plea to being a felon in possession of a firearm and possession of a firearm in furtherance of a drug trafficking crime. Long contends that his designation for sentencing purposes as an armed career criminal under 18 U.S.C. § 924(e)(1)(2000) is precluded by the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004).

Long's claim is foreclosed by circuit precedent. See United States v. Thompson, 421 F.3d 278, 286 (4th Cir. 2005) (holding that Blakely's requirement that facts extraneous to a prior conviction be found by a jury does not cover the essential components of a conviction, including integral facts such as the statutory violation and date of offense), cert. denied, 126 S. Ct. 1463 (2006); United States v. Cheek, 415 F.3d 349, 350 (4th Cir.) (holding that defendant's Sixth Amendment right to trial by a jury was not violated by district court's reliance on his prior convictions for purposes of sentencing under the Armed Career Criminal Act), cert. denied, 126 S. Ct. 640 (2005). Moreover, on appeal, Long does not challenge any factual findings regarding the prior convictions, and he does not dispute the factual basis for the district court's conclusions that he was an armed career criminal. Accordingly, Long's assertion that his sentence violated the Sixth Amendment is without merit. See United States v.

Collins, 412 F.3d 515, 523 (4th Cir. 2005) (holding that, where defendant did not dispute any of the facts supporting the career offender status in district court, there is no constitutional violation in relying on defendant's prior convictions).

Accordingly, we affirm Long's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED